UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINH T., <br><br> Plaintiff, <br><br> v. <br><br> Kilolo KIJAKAZI, Commissioner of Social Security, <br><br> Defendant. | Case No.: 20-cv-2289-AGS <br><br> **ORDER REMANDING CASE FOR AN AWARD OF BENEFITS (ECF 15)** |

Both sides agree that the Administrative Law Judge mishandled claimant's Social Security disability benefits claim and that the case must be remanded. The only question is whether the remand should be for further proceedings or an award of benefits.

## BACKGROUND

In 2012, after working for almost two decades as an electronics assembler, plaintiff Minh T. began suffering chronic pain and left her job, never to return. The Social Security Administration found her disabled—and entitled to benefits—as of 2015. But Minh contends she became disabled three years earlier. In fact, for nearly a decade Minh and the Administration have been locked in legal combat over the disputed timeframe of February 15, 2012, to May 11, 2015.

During those disputed years, Minh was admitted to the emergency room seven times, treated by at least six doctors, and diagnosed with fibromyalgia. (*See* AR 325, 422, 458, 513, 779, 823, 895, 949, 986, 1040, 1080, 1103.) In 2013, Minh filed for Social Security disability benefits with a February 2012 onset date. (AR 65-66.) Although her claim was at first denied, the Ninth Circuit later remanded for reconsideration of intervening caselaw—*Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017)—concerning the analysis of fibromyalgia claims. (AR 1407.) The Ninth Circuit specifically noted that the Administrative Law Judge "improperly evaluated [Minh's] physicians' opinions and [Minh's] . . . testimony in various ways." (AR 1409.)

On remand, as both parties concede, the ALJ again improperly rejected evidence from Minh and her doctors. (*See* ECF 15, at 2; ECF 19.) In this appeal, both sides request remand and differ only as to the type.

## DISCUSSION

The decision whether to remand for further proceedings or to award benefits "is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1236 (9th Cir. 1987). That discretion is guided by the three-step "credit-as-true" rule. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100-02 (9th Cir. 2014). First, the Court asks whether the ALJ failed to offer "legally sufficient reasons for rejecting evidence." *Id*. at 1100. If so, the Court next inquires whether "the record has been fully developed," whether there are "outstanding issues that must be resolved before a determination of disability can be made," and whether "further administrative proceedings would be useful." *Id*. at 1101 (citations omitted). Finally, if no outstanding issues remain, the Court may find "the relevant testimony credible as a matter of law" and award benefits, so long as the record as a whole "leaves not the slightest uncertainty as to the outcome of the proceeding." *Id*. (alterations and quotation marks omitted).

There is no dispute about the first step of the analysis: all parties—and the Court—agree that the ALJ failed to offer sufficient reasons to reject both Minh's testimony and her treating physicians' opinions. (*See* ECF 15, at 2; ECF 19.)

At the second step, the parties part ways. The Commissioner generally argues that the record is incomplete, yet she has not pointed to any specific record gap or ambiguity that would benefit from more factual development.[1] (*See* ECF 15, at 5.). The record is

---

[1] The Commissioner generally argues that an ALJ needs to "reassess" the evidence, redo the "five-step sequential evaluation process," and, if necessary, fix an "appropriate onset date." (ECF 15, at 5.) But these are standard procedural steps that apply to any case, not matters that require further *factual* development. The Commissioner also contends that there are "multiple conflicting opinions" (*id*. at 6), but again does not specify any further factual development that might resolve these tensions.

already massive: the 1,613 pages include treatment notes from over a dozen doctors during nearly fifty medical visits from 2012 to 2015, medical opinions from several treating physicians, Minh's testimony, and various function reports from Minh and her daughter. (*See* AR 1-1613.) So, the record is fully developed. *See Revels*, 874 F.3d at 668-69 (holding that the record was "fully developed" when it included "treatment notes from over fifty medical visits from 2010 to 2012," "additional medical records stretching back to 2002," "functional capacity assessments from two treating providers and two non-examining doctors," claimant's "testimony about the severity of her symptoms, two function reports filled out by [claimant], and function reports filled out by her mother and her father").

But if there were any doubts about the value of further proceedings, they should be resolved in Minh's favor. After all, the Social Security Administration has already had two bites at the administrative-proceedings apple. Both parties agree that this is the second time the Commissioner has committed the same error. One purpose of the credit-as-true rule is to avoid "an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Garrison v. Colvin*, 759 F.3d 995, 1022 (9th Cir. 2014) (citation omitted).

So, we turn, finally, to whether the improperly rejected testimony would require a disability finding if credited as true. Minh's treating physician Dr. Nadine Sidrick opined that Minh was only able to "stand or walk" for "fifteen to twenty minutes without taking a break." (AR 918.) What's more, Dr. Sidrick concluded that Minh was limited to sitting for two hours, standing for two hours, and walking for two hours out of an "entire 8-hour [work]day," meaning she had to take a break to lie down for the other two hours (25% of the workday). (*See* AR 919.) The vocational expert at both hearings determined that such severe limitations would mandate a disability finding. (*See* AR 60 (expert responding, "No" when asked if there was "[a]ny work" for a person "off task at least 15% of the day"), AR 1331 (expert responding, "No, that eliminates all jobs," when asked if a person could work when "off task more than 15% of the day").) So, if we credit Dr. Sidrick's rejected testimony as true on this record—which resolves any "conflicting opinions" (ECF 15, at 5-6)—Minh was disabled during the closed period.

Thus, the credit-as-true rule permits an immediate award of benefits. Moreover, the exceptional circumstances here favor that result. Minh first sought disability benefits almost a decade ago. *See Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (ruling that the "exceptional facts" favored an "immediate payment of benefits" when claimant "first sought benefits more than seven years ago; her claimed disability began almost a decade ago" (citation omitted)). In addition to her long wait in administrative purgatory, Minh has already endured two rounds of administrative proceedings in which the Commissioner committed the *same* error each time. *See Varney v. Sec'y of Health & Hum. Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988) ("Delaying the payment of benefits by requiring multiple administrative proceedings that are duplicative and unnecessary only serves to cause the applicant further damage—financial, medical, and emotional.").

## CONCLUSION

It's time for this case to end. The record amply supports Minh's claimed disability since 2012. This case is remanded for the immediate calculation and award of benefits. The Clerk is directed to issue a judgment and close this case.

**REVERSED and REMANDED for award of benefits.**

Dated: June 8, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge